[No. 7215.]

HUMPHREY v. OGDEN.

1. GIFTS—*By Writing—Delivery Not Required*—Gift by wife to husband. The administratrix of the wife sues to recover the goods. There being no claim that they are required to discharge the wife's

debts, and the gift being evidenced by a writing, executed and delivered by the donor, it was held valid without manual delivery.

2.   ——*Goods Not in Esse*—At the time of the gift, or afterwards acquired by the donor, do not pass even by writing describing certain goods, and transferring these and the donor's interest "in and to any other goods and chattels of whatever kind or nature."

*Error to Larimer District Court.*—Hon. Harry P. Gamble, Judge.

Mr. Fred W. Stow and Mr. Homer S. Stephens, for plaintiff in error.

Mr. L. D. Thomason, for defendant in error.

Mr. Justice Gabbert delivered the opinion of the court:

The subject matter of controversy is certain articles of personal property which plaintiff in error contends are the property of the estate of Mrs. Ogden, deceased, while defendant in error claims they belong to him. This issue of ownership was found in favor of the defendant and judgment entered accordingly. To review this judgment, the administratrix has brought the case here on error.

Defendant in error and Mrs. Ogden were husband and wife. About two months prior to her death, Mrs. Ogden gave her husband all her household goods. As evidencing this gift, she executed and delivered to him a bill of sale for all household goods belonging to her, and all her right, title and interest in and to any other goods and chattels of whatever kind and nature. Subsequent to the execution of the bill of sale, she purchased with her own money several articles of household furniture, and toilet and glassware, of the value of between sixty and seventy dollars. Plaintiff in error, as administratrix of the estate of Mrs. Ogden, brought suit against defendant to recover possession of the household furniture belonging to Mrs. Ogden when the bill of sale was executed and the personal property thereafter acquired by her above referred to. These articles constitute the subject of controversy between the partties.

On behalf of the administratrix it is contended, so far as necessary to consider, that she should have been awarded a verdict and judgment for the reasons (1) that the household furniture in existence when the bill of sale was executed was never delivered to the defendant; and (2) that the subsequently acquired articles of personal property did not pass by the bill of sale. There is no claim upon her part that the property in controversy is necessary to be disposed of for the purpose of paying debts against the estate. In such circumstances, we think the testimony is sufficient to support the verdict and judgment rendered, in so far as it covered the personal property in existence at the time the bill of sale was executed and delivered. As applied to the testimony and the facts, the rule is, that a gift of personal property evidenced by a written instrument executed and delivered by the donor is valid, without a manual delivery of the property. 20 Cyc. 1197.

The only evidence to support the claim of the defendant that the property purchased subsequent to the execution and delivery of the bill of sale was the subject of a gift, is that instrument. It did not purport to convey any property except what was in existence at the time it was executed. Property, in order to be the subject of a gift *inter vivos* must be *in esse* at the time the attempted gift is made. 20 Cyc. 1212.

The judgment of the district court is set aside, in so far as it awards the defendant the articles purchased by Mrs. Ogden after the execution of the bill of sale, and the cause remanded with directions to enter judgment in favor of the plaintiff for these articles.

*Reversed in part and Remanded with Directions.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.